IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Avocet Sports Tech., Inc., | NO. C 11-04049 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| Garmin Int'l., Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Avocet Sports Technology, Inc. ("Plaintiff") brings this patent infringement action against Defendants[1] alleging direct and induced infringement of U.S. Patent No. 5,058,427 (the "'427 Patent") in violation of 28 U.S.C. § 271. The '427 Patent pertains to an accumulating altimeter with selectable ascent/decent accumulation thresholds.

Presently before the Court are Defendant Polar's Motion to Dismiss[2] and Defendant Garmin's Motion to Dismiss.[3] The Court finds it appropriate to take the Motions under submission

---

[1] Named Defendants are Garmin International, Inc. ("Garmin"), Implus Footcare, LLC, d/b/a Highgear, Polar Electro, Inc. ("Polar"), Brunton d/b/a Brunton Outdoor Group, and Casio America, Inc. (collectively, "Defendants").

[2] (Notice of Motion and Memorandum of Points and Authorities in Support of Polar Electro, Inc's [sic] Motion to Dismiss Under Fed. R. Civ. Proc. 12(B)(6) [sic] for Failure to State a Claim Upon Relief [sic] Can Be Granted, hereafter, "Polar Motion," Docket Item No. 56.)

[3] (Garmin's Motion to Dismiss Plaintiff's Claims for Induced and Willful Infringement Under Rule 12(b)(6), hereafter, "Garmin Motion," Docket Item No. 59.)

without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motions to Dismiss with leave to amend.

## II. BACKGROUND

### A. Factual Allegations

In a Complaint[4] filed on August 18, 2011, Plaintiff alleges as follows:

On October 22, 1991, the '427 Patent was duly and legally issued. (Complaint ¶ 4.) Plaintiff has at all times been the exclusive owner of the '427 Patent. (Id. ¶ 5.)

Within the last six years, Defendants infringed the '427 Patent by introducing, demonstrating, using, making, marketing, and selling altimeter devices which implemented the patented technology, as well as by actively inducing others to infringe that '427 Patent. (Complaint ¶ 6.) Plaintiff has placed the required statutory notice on all of its products which it has made, marketed, sold and used under the '427 Patent. (Id. ¶ 7.) Defendants' infringement was willful, intentional and with conscious and knowing disregard of Plaintiff's patent rights. (Id. ¶ 8.)

On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for patent infringement.[5]

### B. Procedural History

On August 18, 2011, Plaintiff filed its Complaint. (See Complaint.) On February 7, 2012, this case was transferred from Judge Koh to Chief Judge Ware after the Court found that it was

---

[4] (Complaint for Patent Infringement and Unfair Competition [28 U.S.C. §§ 1338, 1495], hereafter, "Complaint," Docket Item No. 1.)

[5] Plaintiff's Complaint begins by stating "First Cause of Action (Patent Infringement)," but does not state any other causes of action. (See Complaint at 1.) The Complaint does not state the statutory basis of Plaintiff's patent infringement cause of action. However, based on the factual allegations contained in the Complaint, the Court infers that Plaintiff alleges that Defendants both: (1) directly infringed the '427 Patent, in violation of 35 U.S.C. § 271(a), and (2) induced infringement of the '427 Patent, in violation of 35 U.S.C. § 271(b).

2

related to a prior action brought by Plaintiff against different defendants.[6] (See Docket Item Nos. 89, 91.)

Presently before the Court are Defendants' Motions to Dismiss.

## **III. STANDARDS**

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While brevity is encouraged, the complaint must say enough to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broundo, 544 U.S. 336, 346 (2005).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a

---

[6] The prior action is Avocet Sports Tech., Inc. v. Amer Sports Corp., et al., No. C 08-4264 JW.

3

1 claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

2 "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

3 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

4 Twombly, 550 U.S. at 555.

## **IV. DISCUSSION**

Defendant Polar moves to dismiss Plaintiff's claims for direct and induced infringement, while Defendant Garmin moves to dismiss Plaintiff's claims for willful and induced infringement. Because the allegations against both Defendants are identical, the Court addresses each claim in turn.

**A.   Direct Infringement**

Defendant Polar moves to dismiss Plaintiff's claim for direct infringement on the ground that the Complaint does not meet the minimum pleading requirements or provide Defendant Polar with notice of what actions or products serve as the basis for Plaintiff's claims. (See Polar Motion at 2.) Plaintiff responds that the Complaint is sufficiently pleaded.[7]

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Thus, courts should apply "the law of the regional circuit" in evaluating such a motion. Id. at 1356 (citation omitted). Within the Ninth Circuit, to plead a plausible claim for direct infringement, a plaintiff must identify the accused products with at least minimal specificity.[8]

---

[7] (See Plaintiffs' [sic] Opposition to Polar Electro, Inc.'s Motion to Dismiss Under 12(b)(6) at 1-2, hereafter, "Polar Opp'n," Docket Item No. 66.)

[8] See, e.g., Bender v. LG Elect. U.S.A., Inc., No. C 09-02114 JF, 2010 WL 889541, at *5-6 (N.D. Cal. Mar. 11, 2010) (finding, under Twombly and Iqbal, that a plaintiff must "do more than allege conclusorily the means by which [defendants are infringing on its patent]," and that a plaintiff must "provide fair notice to [d]efendants of the specific infringements alleged"); Elan Microelectronics Corp. v. Apple, Inc., No. C 09-01531 RS, 2009 WL 2972374, at *2-3 (N.D. Cal. Sept. 14, 2009) (finding that the "bare assertion" that another party had infringed a patent was inadequate, under Twombly and Iqbal, to state a claim for patent infringement).

4

Here, Plaintiff alleges in pertinent part:

> Within the last six years, [D]efendants . . . were infringing [the '427 Patent] (1) by introducing, demonstrating, using, making, marketing, and selling altimeter devices, which embody the patented invention and (2) by actively inducing others to infringe said patent, all to [P]laintiffs' [sic] monetary damage in excess of $20,000,000.00. (Complaint ¶ 6.)

Based on the allegations above, the Court finds that Plaintiff has not provided sufficient "factual content that allows the court to draw the reasonable inference" that Defendant Polar is liable for direct infringement. See Iqbal, 129 S. Ct. at 1949; see also Twombly, 550 U.S. at 555. For example, Plaintiff fails to identify any of Defendant Polar's particular products, product lines, or product components that allegedly infringed on the '427 Patent. Because Plaintiff does not identify a particular product or component alleged to infringe, Defendant Polar has not been adequately put on notice of the claims against it and the grounds upon which those claims rest.[9]

Plaintiff contends that Defendant Polar's Motion should be denied because the Complaint substantially complies with Form 18, which is a form complaint appended to the Federal Rules of Civil Procedure.[10] (See Polar Opp'n at 1-2.) However, the Court finds that Plaintiff's reliance on the conformity of its Complaint with Form 18 is misguided. In the aftermath of Twombly and Iqbal, a number of district courts in the Ninth Circuit have addressed this very argument, and have concluded that Form 18 does not provide adequate notice under the heightened pleading standards articulated in those cases.[11]

---

[9] See Bender, 2010 WL 889541, at *6 (explaining that "[s]ufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing").

[10] Form 18 is entitled "Complaint for Patent Infringement."

[11] See Bender, 2010 WL 889541, at *3-5 (rejecting a plaintiff's argument that its patent infringement complaint was adequately pleaded insofar as it was in conformity with Form 18, and collecting cases in which district courts have observed that it is "difficult to reconcile the guidelines set forth in Twombly and Iqbal with Form 18"); see also Medsquire LLC v. Spring Med. Sys. Inc., 2011 WL 4101093, at *2-3 (C.D. Cal. Aug. 31, 2011) (rejecting a plaintiff's argument that pleading in conformance with Form 18 is sufficient, and noting that Form 18 was last updated before the Iqbal decision).

Plaintiff further contends that it has sufficiently put Defendant Polar on notice of the specific products that allegedly infringe on the '427 Patent. (Polar Opp'n at 2.) Specifically, Plaintiff contends that "a quick internet search . . . reveals that [Defendant Polar] produces and sells devices which have altimeters with an accumulating feature" and that Plaintiff "has provided a list to [Defendant Polar] of the offending devices." (Id.) However, the Court finds that this contention is unavailing, insofar as the Court may only look to the operative complaint in determining the plausibility of Plaintiff's allegations.[12]

Accordingly, the Court GRANTS Defendant Polar's Motion to Dismiss Plaintiff's direct infringement claim.

### B. <u>Willful Infringement</u>

Defendant Garmin moves to dismiss Plaintiff's claim for willful infringement on the ground that Plaintiff's Complaint is insufficient because it fails to allege that Defendant Garmin had knowledge of the '427 Patent. (Garmin Motion at 1.) Plaintiff responds that the Complaint is sufficiently pleaded to allege a claim for willfulness under both direct and induced infringement.[13]

To sufficiently plead a claim for willful infringement, a patentee "must make out the barest factual assertion of knowledge of an issued patent." IpVenture, Inc. v. Cellco P'ship., No. C 10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011). However, a "bare recitation of the required legal elements for willful infringement" is insufficient. Id. Under Fed. R. Civ. P. 8 and 11(b), "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." In re Seagate Tech., LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007). "[A] willfulness claim asserted in the original complaint must necessarily be grounded *exclusively in the accused infringer's pre-filing conduct*. By contrast, when an accused infringer's post-filing conduct is

---

[12] See, e.g., Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (explaining that "[i]t is axiomatic that [a] complaint may not be amended by briefs in opposition to a motion to dismiss").

[13] (See Plaintiffs' [sic] Opposition to Garman's [sic] Motion to Dismiss Plaintiff's Claims for Induced and Willful Infringement Under Rule 12(b)(6) at 1-2, hereafter, "Garmin Opp'n," Docket Item No. 67.)

6

reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement." Id. (emphasis added).

Here, Plaintiff alleges in pertinent part:

> Within the last six years, [D]efendants . . . were infringing [the '427 Patent]. (Complaint ¶ 6.) The infringement by [D]efendants was willful, intentional and with conscious knowing disregard of [P]laintiffs' [sic] patent rights. (Id. ¶ 8.)

Based on the allegations above, the Court finds that Plaintiff has failed to adequately state a claim for willful infringement against Defendant Garmin. In particular, the Court finds that Plaintiff has not alleged any facts to suggest that Defendant Garmin had knowledge of the '427 Patent prior to the filing of the Complaint.[14] Instead, Plaintiff merely makes conclusory allegations that Defendants knowingly disregarded Plaintiff's patent rights. (Complaint ¶ 8.) Thus, Plaintiff has not sufficiently alleged that Defendant Garmin engaged in any pre-filing willful conduct. See In re Seagate, 497 F.3d at 1374.

Accordingly, the Court GRANTS Defendant Garmin's Motion to Dismiss Plaintiff's claim for willful infringement.

## C. Induced Infringement

Defendants Polar and Garmin each move to dismiss Plaintiff's claim for induced infringement on the ground that Plaintiff's Complaint is insufficient because it fails to allege the required elements for induced infringement. (Polar Motion at 4-5; Garmin Motion at 5-7.) Plaintiff responds that the Complaint is sufficient to allege claims for induced infringement. (Polar Opp'n at 1-2; Garmin Opp'n at 1-2.)

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove a claim for induced infringement, a patentee must show the following

---

[14] The Court notes that the '427 Patent may have expired before the Complaint was filed. The term for patents filed before June 8, 1995 is the greater of twenty years from filing of the patent application or seventeen years from the grant of the patent, though in some cases the term may be extended. See, e.g., Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1364 n.1 (Fed. Cir. 2002). Patents are not enforceable against infringements that occur after expiration. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 33-34 (2003). The '427 Patent was filed on September 28, 1990, and thus may have expired on September 28, 2010. (See Complaint, Ex. 1.) The Complaint was filed on August 18, 2011. (See Complaint.)

7

elements: (1) that the infringer knew or should have known its actions would induce actual infringement; (2) the infringer had specific intent to induce infringement by another; and (3) direct infringement by another. Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008); DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304, 1306 (Fed. Cir. 2006). "The requirement that the alleged infringer knew or should have known [that its] actions would induce actual infringement necessarily includes the requirement that [it] knew of the patent." DSU Med., 471 F.3d at 1304. To sufficiently plead a claim for induced infringement, a patentee must allege facts to support each element.[15]

Here, Plaintiff alleges in pertinent part:

> Within the last six years, [D]efendants . . . were infringing [the '427 Patent] (1) by introducing, demonstrating, using, making, marketing, and selling altimeter devices, which embody the patented invention and (2) by actively inducing other to infringe said patent. (Complaint ¶ 6.) The infringement by [D]efendants was willful, intentional and with conscious knowing disregard of [P]laintiffs' [sic] patent rights. (Id. ¶ 8)

Based on the allegations above, the Court finds that Plaintiff has failed to adequately state a claim for induced infringement against Defendants Polar and Garmin. Plaintiff has not alleged any facts to suggest that Defendants Polar or Garmin had knowledge of the '427 Patent prior to the filing of the Complaint. Plaintiff has not alleged any facts to suggest that Defendants Polar or Garmin had the specific intent to induce infringement. Finally, Plaintiff has not alleged any facts to suggest that there was direct infringement by a third party. Instead, Plaintiff merely makes conclusory allegations that Defendants knowingly disregarded Plaintiff's patent rights and that Defendants actively induced others to infringe the '427 Patent. (Complaint ¶¶ 6, 8.) Thus, Plaintiff has not sufficiently alleged that Defendants Polar or Garmin induced infringement of the '427 Patent.

---

[15] See Fujitsu Ltd. v. Belkin Int'l, Inc., 782 F. Supp. 2d 868, 892-93 (N.D. Cal. 2011) (granting motion to dismiss induced infringement claim for failure to allege facts pertaining to specific intent); Kilopass Tech. Inc. v. Sidense Corp., No. C 10-02066 SI, 2010 WL 5141843, at *3-4 (N.D. Cal. Dec. 13, 2010) (denying motion to dismiss induced infringement claim after finding that the complaint sufficiently alleged facts pertaining to knowledge of the patent); Halton Co. v. Streivor, Inc., No. C 10-00655 WHA, 2010 WL 2077203, at *1-3 (N.D. Cal. May 21, 2010) (granting motion to dismiss induced infringement claim for failure to allege facts pertaining to specific intent and direct infringement by another).

8

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's claims for induced infringement.

## V. CONCLUSION

The Court GRANTS Defendant Polar's Motion to Dismiss and Defendant Garmin's Motion to Dismiss with leave to amend.

Moreover, insofar as Plaintiff's allegations against all Defendants named in the Complaint are identical to the claims at issue in these Motions, the Court *sua sponte* DISMISSES Plaintiff's Complaint in full with leave to amend.

Any Amended Complaint shall be filed on or before **April 16, 2012** and shall be consistent with the terms of this Order.[16]

In light of this Order, the Court CONTINUES the March 26, 2012 Case Management Conference to **May 7, 2012 at 10 a.m.** On or before **April 27, 2012**, the parties shall submit a Joint Case Management Statement including, *inter alia*, a good faith proposed schedule for discovery.[17]

Dated: March 22, 2012

JAMES WARE
United States District Chief Judge

---

[16] The Court observes that it is not clear from the Complaint that Defendants are properly joined. See, e.g., Innovus Prime, LLC v. LG Elecs., Inc., No. C 11-04223 JW, 2012 WL 161207, at *1-3 (N.D. Cal. Jan. 18, 2012) (explaining that under Fed. R. Civ. P. 21, a court "may at any time, on just terms . . . drop a party" if there has been misjoinder, and finding that a plaintiff had misjoined a number of defendants in a patent infringement case). The Amended Complaint shall include allegations that the claims asserted against each Defendant arise from the "same transaction, occurrence, or series of transactions or occurrences." See id. at *1-2 (citing Fed. R. Civ. P. 20(a)(2).)

[17] Further, in light of this Order, the Court DENIES as moot the following motions: (1) Garmin International, Inc's [sic] Agreed Motion to Appear Telephonically at the Case Management Conference, Docket Item No. 99; and (2) Administrative Motion for Order Allowing Lead Counsel for Polar Electro, Inc. to Appear at the Initial Case Management Conference by Telephone, Docket Item No. 100.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Prescott Seitz adam.seitz@eriseip.com
David C. Lee dlee@sillscummis.com
Frear Stephen Schmid frearschmid@aol.com
Janelle M Smith Janelle.Smith@hklaw.com
John P. Moran john.moran@hklaw.com
Joshua M Masur masur@turnerboyd.com
Julie Sandra Turner turner@turnerboyd.com
Katherine M. Lieb Klieb@sillscummis.com
Michael John Lyons mlyons@morganlewis.com
Michelle Lyons Marriott michelle.marriott@eriseIP.com
Pablo D. Hendler pablo.hendler@ropesgray.com
Rachel Melissa Walsh rwalsh@morganlewis.com
Robert J. Goldman robert.goldman@ropesgray.com
Scott D. Stimpson sstimpson@sillscummis.com

Dated: March 22, 2012           Richard W. Wieking, Clerk


By:      /s/ JW Chambers
         **Susan Imbriani**
         **Courtroom Deputy**