**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Avocet Sports Tech., Inc., | NO. C 11-04049 JW |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT GARMIN'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| Garmin Int'l., Inc., et al., | |
| Defendants. | |

Presently before the Court is Defendant Garmin International, Inc.'s ("Garmin") Motion to Dismiss.[1]   The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Defendant Garmin's Motion to Dismiss with leave to amend.

**A.      Background**

A detailed factual background and procedural history of this case may be found in the Court's March 22, 2012 Order Granting Defendants' Motions to Dismiss with Leave to Amend. (hereafter, "March 22 Order," Docket Item No. 109.)  The Court reviews the procedural history relevant to the present Motion.

On March 22, 2012, the Court granted motions to dismiss brought by two Defendants in this case. (March 22 Order at 9.)  In addition, the Court *sua sponte* dismissed Plaintiff's Complaint in

---

[1]  (Garmin's Motion to Dismiss Plaintiff's Amended Claims for Induced and Willful Infringement Under Rule 12(b)(6), hereafter, "Motion," Docket Item No. 114.)

full as to all Defendants, insofar as the allegations against all Defendants named in that Complaint were identical to those at issue in the motions to dismiss addressed in the March 22 Order.  (Id.) Further, the Court observed that it was not clear from the Complaint that Plaintiff had properly joined all Defendants, and instructed Plaintiff, in its Amended Complaint, to include allegations that the claims asserted against each Defendant arise from the "same transaction, occurrence, or series of transactions or occurrences."  (Id.)

On April 16, 2012, Plaintiff filed its First Amended Complaint against the same Defendants named in its original Complaint.[2]  However, in its First Amended Complaint, Plaintiff alleged that it "acknowledges [that Defendants Polar Electro, Inc. ("Polar") and Casio America, Inc. ("Casio")] are not properly joined."  (Id. at 1 n.1.)  On April 27, 2012, the Court granted Plaintiff's stipulated dismissal without prejudice of Defendants Polar and Casio from this action.  (Docket Item No. 112.) On May 10, 2012, the Court granted Plaintiff's motion to relate this case to two separate actions that Plaintiff filed against Defendants Polar and Casio after they were dismissed from this case.[3]

On May 14, 2012, the Court held a Case Management Conference in this case and the related 2012 Cases.  At the May 14 Conference, the Court observed that a hearing on the present Motion to Dismiss was scheduled for June 11, 2012, and ordered that "[i]nsofar as any other Defendant wishes to oppose a current Complaint via a Rule 12(b)(6) motion, that Defendant shall join in the [present Motion to Dismiss]."  (See Docket Item No. 120 at 2.)  However, no other Defendant has joined in the present Motion to Dismiss.

**B.**    **Standards**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant.

---

[2]  (First Amended Complaint for Patent Infringement, hereafter, "FAC," Docket Item No. 110.)

[3]  (See Order Granting Motion to Relate, Docket Item No. 117.)  In that Order, the Court related this case to the following two cases: (1) Avocet Sports Technology, Inc. v. Polar Electro, Inc., No. C 12-02234 JW; and (2) Avocet Sports Technology, Inc. v. Casio America, Inc., No. C 12-02235 JW (hereafter, the "2012 Cases").

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient

2    facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

3    (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  For

4    purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

5    complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v.

6    City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

7    in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

8          However, mere conclusions couched in factual allegations are not sufficient to state a cause

9    of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

10   F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

11   that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is

12   plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

13   reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129

14   S. Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory

15   'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a

16   claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

17   "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

18   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

19   Twombly, 550 U.S. at 555.

20   **C.    Discussion**

21         Defendant Garmin moves to dismiss Plaintiff's claims for willful patent infringement and

22   induced patent infringement, on the ground that Plaintiff's Amended Complaint "fails to plead any

23   of the necessary factual elements required" to state such claims.  (Motion at 1-10.)  Plaintiff

24   responds that the Court should not dismiss its claims for willful patent infringement and induced

25

26

27

28                                                    3

**United States District Court**
For the Northern District of California

1   patent infringement, on the ground that its Amended Complaint "more than sufficiently alleges"

2   factual bases for those claims.[4]  The Court considers each of these claims in turn.

3          **1.      Willful Infringement**

4          At issue is whether Plaintiff's Amended Complaint sufficiently pleads a willful infringement

5   claim.

6          To "willfully infringe a patent, the patent must exist, and one must have knowledge of it."

7   State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis omitted).  In

8   particular, to sufficiently plead a claim for willful infringement, a patentee "must make out the

9   barest factual assertion of knowledge of an issued patent." IpVenture, Inc. v. Cellco P'ship., No. C

10  10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011).  However, a "bare recitation of

11  the required legal elements for willful infringement" is insufficient. Id.  Under Fed. R. Civ. P. 8 and

12  11(b), "when a complaint is filed, a patentee must have a good faith basis for alleging willful

13  infringement." In re Seagate Tech., LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

14         Here, Plaintiff alleges in pertinent part:

15             During the period commencing August 18, 2005, and ending upon the expiration of
        the '427 Patent, end-users and other third parties directly infringed one or more of the

16      Method Claims of the '427 Patent by using the Garmin devices. (FAC ¶ 10.) During [that]
        time period, [Defendant] Garmin had knowledge of the '427 Patent and knowledge that the

17      use of the Garmin Devices per its instructions [and] training infringed the Method Claims of
        the '427 Patent. (Id. ¶ 13.) [Defendant] Garmin had actual knowledge of the '427 Patent . . .

18      due to . . . its active participation and competition in the altimeter market, including but not
        limited to trade shows, where [Defendant] Garmin discussed with [Plaintiff], saw, read, and

19      observed [Plaintiff's] patented accumulating altimeter devices and promotional materials,
        packaging and instruction pertaining thereto, all of which provided notice of and identified

20      the [] '427 Patent. (Id.)

21         Based on the allegations above, the Court finds that Plaintiff has adequately pleaded its claim

22  for willful infringement against Defendant Garmin.  In particular, the Court finds that Plaintiff has

23  both pleaded that the patent at issue "existed" and that Defendant Garmin had knowledge of the

24  patent during the period of its existence, insofar as Plaintiff alleges that Defendant Garmin

25  _____

26         [4]  (Plaintiff Avocet Sports Technology, Inc.'s Opposition to Garmin's 12(b)(6) Motion to
    Dismiss Plaintiff's Amended Claims for Induced and Wilful [sic] Infringement at 1-5, hereafter,

27  "Opp'n," Docket Item No. 119.)

28                                              4

United States District Court

For the Northern District of California

1   "discussed" Plaintiff's patented devices with Plaintiff at certain "trade shows."  (FAC ¶ 13.)  The

2   Court finds that these allegations make out the "barest factual assertion" that Defendant Garmin had

3   knowledge of the patent at issue, which is sufficient to plead a claim for willful infringement.

4   IpVenture, 2011 WL 207978, at *2.

5          Defendant Garmin contends that Plaintiff's allegation regarding trade shows "should not be

6   taken as true for purposes of this motion to dismiss," insofar as it is merely a "legal conclusion

7   couched as a factual allegation."  (Motion at 7-8.)  However, the Court finds that this contention is

8   misguided.  The allegation that Defendant Garmin attended trade shows at which it discussed

9   Plaintiff's patented devices with Plaintiff is not a legal conclusion, but rather a factual allegation.

10  Insofar as Defendant Garmin believes that this factual allegation is inaccurate, it may file the

11  appropriate motion for summary judgment addressed to this allegation.

12         Defendant Garmin also contends that it has "specifically asked" Plaintiff to provide

13  additional factual information in support of this allegation, "but received no response" to its request.

14  (Motion at 5 n.5., 7-8.)  On the basis of what it contends is Plaintiff's failure to provide the details

15  requested, Defendant Garmin contends that Plaintiff's allegations must be deemed "conclusory" and

16  thus "should not be taken as true."  (Id.)  However, Defendant Garmin cites no caselaw in support of

17  the proposition that a party opposing a Rule 12(b)(6) motion is required to supply additional factual

18  details in response to a moving party's request for such details, on penalty of its factual allegations

19  being deemed "conclusory"; nor is the Court aware of any case standing for that proposition.

20  Accordingly, the Court declines to regard Plaintiff's factual allegation regarding trade shows as

21  conclusory on that basis.[5]

22         Accordingly, the Court DENIES Defendant Garmin's Motion to Dismiss Plaintiff's willful

23  infringement claim.

24

25         [5] Defendant Garmin additionally asserts that Plaintiff's factual allegations are governed by
    Fed. R. Civ. P. 11(b), which provides that an attorney who files "a pleading, written motion, or other
26  paper" with the court thereby certifies that any "factual contentions [made in that paper] have
    evidentiary support."  (See Motion at 5 n.5, 7-8.)  If it is Defendant Garmin's belief that Plaintiff's
27  factual allegation regarding trade shows is in violation of Fed. R. Civ. P. 11(b), Defendant Garmin
    may make the appropriate motion for sanctions pursuant to Rule 11.

28                                                                    5

United States District Court
For the Northern District of California

1

### 2.     Induced Infringement

2      At issue is whether Plaintiff's Amended Complaint sufficiently pleads an induced

3  infringement claim.

4      To prove a claim for induced infringement, a patentee must show the following elements: (1)

5  that the infringer knew or should have known its actions would induce actual infringement; (2) the

6  infringer had specific intent to induce infringement by another; and (3) direct infringement by

7  another.  Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008);

8  DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304, 1306 (Fed. Cir. 2006).  "The requirement

9  that the alleged infringer knew or should have known [that its] actions would induce actual

10  infringement necessarily includes the requirement that [it] knew of the patent."  DSU Med., 471

11  F.3d at 1304.  "To sufficiently plead a claim for induced infringement, a patentee must allege facts

12  to support each element."  Avocet Sports Tech., Inc. v. Garmin Int'l, Inc., No. C 11-04049 JW, 2012

13  WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012) (citations omitted).

14      Here, Plaintiff alleges in pertinent part:

15      [Defendant] Garmin knowingly took active steps to induce end-users and other third
parties in the United States to engage in direct infringement of the Method Claims of the
16  '427 Patent.  (FAC ¶ 11.)  For example, [Defendant] Garmin provided, sold, or promoted the
Garmin Devices to end-users or other third parties along with specific instructions or training
17  regarding the use of those devices, which instructions or training actively induced said end-
users and other third parties to practice the '427 Patent Method Claims and said instructions
18  or training caused direct infringement of the '427 Patent Method Claims.  (Id.)  [Defendant]
Garmin has knowingly taken active steps to induce end-users and other third parties to
19  engage in direct infringement of the Method Claims of the '427 Patent and has done so with
an affirmative intent to cause such direct infringement [or] with purposeful, culpable
20  expression and conduct to encourage such direct infringement.  (Id. ¶ 15.)  [Defendant]
Garmin's specific intent to induce infringement is evidenced by, among other things,
21  [Defendant] Garmin's providing of specific instructions [or] training to end-users [or] other
third parties knowing that its acts would induce end-users and other third parties to use the
22  Garmin Devices and by so doing to directly infringe the Method Claims of the '427 Patent.
(Id.)

23
     Based on the allegations above, the Court finds that Plaintiff fails to adequately plead its

24
claim for induced infringement.  In particular, the Court finds that Plaintiff fails to allege any facts in

25
support of its allegation that Defendant Garmin had specific intent to induce infringement, but

26
instead offers mere conclusions couched in factual allegations.  McGlinchy, 845 F.2d at 810.

27

28                                      6

1    Plaintiff's contention that it has sufficiently pleaded its claim for induced infringement,

2   insofar as "circumstantial evidence may suffice" to prove such intent, is misguided. (Opp'n at 3-4

3   (citing DSU Med., 471 F.3d at 1306).) Although it is true that the Federal Circuit, in DSU Medical

4   Corp., did state that "circumstantial evidence may suffice" to establish liability for induced

5   infringement, the court in DSU Medical also made clear that the *type* of evidence required to

6   establish such liability is "evidence of culpable conduct, directed to encouraging another's

7   infringement." DSU Med., 471 F.3d at 1306. Here, viewing the allegations in the Amended

8   Complaint in the light most favorable to Plaintiff, the Court finds that those allegations, if taken as

9   true, do not constitute evidence–even circumstantial evidence–of "culpable conduct" that was

10  "directed to encouraging another's infringement." Id. Instead, the allegations, taken as true, merely

11  indicate that Defendant Garmin provided other parties with "instruction" and "training" in the use of

12  Defendant Garmin's own products. (FAC ¶¶ 11, 15.)

13   Accordingly, the Court GRANTS Defendant Garmin's Motion to Dismiss Plaintiff's induced

14  infringement claim, with leave to amend to allege specific facts in support of each element of the

15  claim.

16  **D.    Conclusion**

17   The Court GRANTS in part and DENIES in part Defendant Garmin's Motion to Dismiss. In

18  particular, the Court: (1) GRANTS Defendant Garmin's Motion to Dismiss as to Plaintiff's induced

19  infringement claim with leave to amend, and (2) DENIES Defendant Garmin's Motion to Dismiss as

20  to Plaintiff's willful infringement claim.

21   On or before **June 22, 2012**, Plaintiff shall file a Second Amended Complaint consistent with

22  the terms of this Order.

23

24  Dated:  June 5, 2012

25                                           JAMES WARE
                                             United States District Chief Judge

26

27

28                                              7

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Adam Prescott Seitz adam.seitz@eriseip.com
   David C. Lee dlee@sillscummis.com
3  Frear Stephen Schmid frearschmid@aol.com
   Janelle M Smith Janelle.Smith@hklaw.com
4  John P. Moran john.moran@hklaw.com
   Joshua M Masur masur@turnerboyd.com
5  Julie Sandra Turner turner@turnerboyd.com
   Katherine M. Lieb Klieb@sillscummis.com
6  Michael John Lyons mlyons@morganlewis.com
   Michelle Lyons Marriott michelle.marriott@eriseIP.com
7  Pablo D. Hendler pablo.hendler@ropesgray.com
   Rachel Melissa Walsh rwalsh@morganlewis.com
8  Robert J. Goldman robert.goldman@ropesgray.com
   Scott D. Stimpson sstimpson@sillscummis.com

9

10  **Dated:  June 5, 2012**                    **Richard W. Wieking, Clerk**

11

12                                              **By:    /s/ JW Chambers**
                                                    **William Noble**
13                                                  **Courtroom Deputy**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28